**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSEPH HAUSCHILD, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 09-cv-015-GPM |
| MARVIN POWERS, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Joseph Hauschild, an inmate at the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Hauschild seeks compensatory and punitive damages as relief for alleged inadequate medical care under the Eighth Amendment and for discrimination and retaliation. With his original complaint, he filed a motion seeking to be excused from using the complaint forms provided in this District. Since then, he filed an amended complaint that was prepared on this District's forms; thus, his motion (Doc. 2) is **DENIED** as moot.

This case is now before the Court for a preliminary review of the amended complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief

> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**THE AMENDED COMPLAINT**

Hauschild alleges that he was running in the Tamms yard on February 23, 2007, when he felt a sharp pain throughout his right knee. On the following day, he claims his right knee gave out while he was standing and swelled to about twice the size of his left knee, causing excruciating pain. Hauschild then alleges a pattern of deliberate indifference to his medical needs by the defendants. He claims that staff consistently failed to respond to his medical requests in a timely fashion. He further alleges that the pain and swelling in his knee was never adequately addressed. While Hauschild admits that the medical staff prescribed a variety of anti-inflammatories for his knee, he claims that he was not given proper instructions about how to take the medication. He further claims the lack of instruction caused him stomach pain and vomiting. Hauschild also claims that the medication never resolved the pain and swelling in his knee and that he was forced to stay in his cell most of every day and hop around on one leg. He claims that his multiple requests to see a specialist or get an MRI on his knee were denied. He also claims Defendant Powers turned down his requests for an ice pack, an ace bandage, and a lower gallery permit.

Hauschild further claims that at one point, he told Defendant Powers he was an atheist, and Powers told him he did not deserve medical care because of his atheist beliefs. Hauschild also alleges that the prison's grievance procedures failed him in that the officers failed to investigate the swelling in his knee and arbitrarily denied his requests.

Based on the allegations of the complaint, the Court finds it convenient to divide Hauschild's complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1**

Hauschild alleges that the medical staff treated him with deliberate indifference because they did not adequately address the swelling and tissue damage in his knee, refused to refer him to a specialist, and failed to arrange for an MRI. He alleges the staff failed to warn him about taking medication without eating and that they were insensitive to the stomach pain caused by certain prescribed anti-inflammatories. He also claims that staff showed indifference to some of his complaints and failed to take his vitals on some occasions. Hauschild makes this claim against Defendants Terry Caliper (Health Care Administrator), Marvin Powers (a doctor at Tamms), Jocelyn "Doe" (a nurse), Amy "Doe" (a nurse), and Grace Hart (a nurse).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.' *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of 'a

> substantial risk of harm to the inmate and disregarded the risk.' *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Further, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Based on this standard, the Court is unable to dismiss the claims against the individual medical personnel at this time.

But Hauschild also implicates Defendants April Moore (a grievance officer), Ken Bartley (the Chief Administrative Officer), Sherry Benton (Officer of Inmate Issues), and Roger E. Walker, Jr. (Director of the Illinois Department of Corrections) on the grounds that they all failed to adequately investigate his grievances, arbitrarily denied his grievances, and exercised deliberate indifference in doing so. Like many other inmates, Hauschild believes that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [Plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

Based on this standard, the deliberate indifference claims against Defendants April Moore, Ken Bartley, Sherry Benton, and Roger E. Walker, Jr., will be dismissed.

## COUNT 2

Hauschild claims that he has been discriminated and retaliated against because of his atheist beliefs. He alleges that when Powers found out he was an atheist, Powers told him he would never refer him to a specialist. Hauschild claims that this denial of medical care was both discriminatory and retaliatory, in violation of the First Amendment. Hauschild directs this claim against all defendants.

> [T]he 'Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers....' *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). A plaintiff 'must demonstrate intentional or purposeful discrimination' to show an equal protection violation. *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam). ''Discriminatory purpose' however, implies

> more than intent as volition or intent as awareness of consequences.' *Personnel Administrator of Massachusetts v. Feeny*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979). It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

*David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988).

Applying these standards, the Court is unable to dismiss the discrimination claims against the individual medical staff defendants at this time. For the reasons stated above, however, the claims against Moore, Bartley, Benton, and Walker will be dismissed.

**COUNT 3**

Hauschild also alleges a Fourteenth Amendment violation because of the grievance board's failure to properly investigate his claim. He alleges that April Moore, the Grievance officer, arbitrarily denied him relief without investigating the condition of his knee or the quality of his medical care. Hauschild also implicates Ken Bartley, as Chief Administrative Officer; Sherry Benton, as a member of the Officer of Inmate issues, and Roger E. Walker, Jr., with similar allegations.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Thus, Hauschild has failed to state a claim upon which relief may be granted, and this claim will be dismissed.

**OTHER DEFENDANTS**

In his amended complaint, Hauschild names the Illinois Department of Corrections as a defendant. The Supreme Court has held, however, that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

As for Wexford Health, Hauschild makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Accordingly, the Illinois Department of Corrections and Wexford Health will be dismissed from this action.

**APPOINTMENT OF COUNSEL**

Hauschild also requests that the Court appoint him counsel (Doc. 4). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Hauschild has attempted to obtain counsel or been effectively precluded from doing so. Therefore,

the motion for the appointment of counsel is **DENIED** without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** with prejudice in its entirety.

**IT IS FURTHER ORDERED** that Defendants **MOORE**, **BARTLEY**, **BENTON**, **WALKER, ILLINOIS DEPARTMENT OF CORRECTIONS,** and **WEXFORD HEALTH CARE SERVICES** are **DISMISSED with prejudice**. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **POWERS, CALIPER,** and **HART**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **POWERS, CALIPER,** and **HART** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Illinois Department of Corrections pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

DATED: 07/08/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge