IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH HAUSCHILD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. **09-015-CJP** |
| **MARVIN POWERS, M. D.,** | ) | |
| **TERRY CALIPER, and** | ) | |
| **GRACE HART,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on a Motion for Summary Judgment filed by defendants Marvin Powers, M.D., and Grace Hart, R.N.  **(Doc. 48)**.  Defendants served upon the pro se plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7ᵗʰ Cir. 1982)**.  **(Doc. 49)**. Plaintiff filed a response in opposition and exhibits at **Docs. 54 and 55.**  Defendants then filed a reply at **Doc. 58.**

Plaintiff Joseph Hauschild is an inmate in the IDOC.  He filed suit under 42 U.S.C. §1983.  On preliminary review **(Doc. 8)**, the Court construed his claims as follows:

| Count 1 | defendants Powers, Caliper and Hart were deliberately indifferent to plaintiff's serious medical needs following a knee injury he suffered on February 23, 2007; and |
|---|---|
| Count 2 | defendants Powers, Caliper and Hart denied plaintiff medical treatment because he is an atheist, in violation of his First Amendment rights. |

In a previous order, District Judge G. Patrick Murphy granted in part and denied in part defendant Caliper's motions for summary judgment.  The basis for his decision, in large part,

1

was that plaintiff had demonstrated that genuine issues of fact exist.  **See, Doc. 47.**  For the same reason, the present motion must be denied.

In his order Judge Murphy set forth the basic factual allegations giving rise to plaintiff's claims.  **See, Doc. 47, pp. 2-3.**  In short, Mr. Hauschild hurt his right knee while running in the yard at Tamms Correctional Center on February 23, 2007.  Thereafter, his knee was intermittently swollen and sore.  He was seen by health care providers about 13 times in the six-month period from March to August, 2007.  Dr. Powers noted swollen tissue and small knee-joint effusion, and prescribed Motrin and other anti-inflammatory drugs.  Plaintiff complained that Motrin upset his stomach, but the prescription was not changed.  On August 8, 2007, plaintiff informed Dr. Powers that he was an atheist.  According to plaintiff, Dr. Powers responded, "Since you don't believe in God, you'll never see a specialist while I work here.  And I don't care if you die on Motrin."  **(Doc. 6, p. 5)**.  Thereafter, although he submitted al least five more medical chits, plaintiff was not seen by a health care provider at all between August, 2007, and February, 2008.

### **Standard for Summary Judgment**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  ***Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.***, 553 F.3d 559, 563 (7th Cir. 2009), *citing* **Fed. R. Civ. P. 56(c).** **Accord, Breneisen v. Motorola, Inc.**, 512 F.3d 972 (7th Cir. Cir. 2008); ***Levy v. Minnesota Life Ins. Co.***, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable

inferences in the light most favorable to the non-moving party (here, plaintiff).  *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage.  Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Plaintiff is a pro se inmate, and his pleadings must be liberally construed.  *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

## Applicable Law

Deliberate indifference to a prison inmate's serious medical needs violates the Eighth Amendment prohibition against cruel and unusual punishment.  In order to prevail on his constitutional claim, plaintiff  must satisfy the two-part test enunciated in *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  This test has an objective *and* a subjective component.  That is, plaintiff must show that (1) his condition was objectively serious, *and* (2) the defendant acted with deliberate indifference, which is a subjective standard.  *Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).  "With respect to the culpable state of mind,

3

negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." ***Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)**.

The Eighth Amendment does not entitle a prison inmate to "unqualified access to healthcare" or to the best care possible. Prison inmates are entitled only to "adequate medical care." ***Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006)**. It is proper to consider the "cost of treatment alternatives" in "determining what constitutes adequate, minimum-level medical care." ***Id.*** See also, ***Maggert v. Hanks*, 131 F.3d 670, 671-672 (7th Cir. 1997)**(Prisoner "is entitled only to minimum care.").

Prison officials may not retaliate against inmates for exercising their First Amendment rights. ***DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).** With regard to the First Amendment claim made in Count 2, plaintiff must show that (1) he engaged in protected conduct; (2) "he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the [protected] activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." ***Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)(citation omitted)**.

Plaintiff alleges that he engaged in protected conduct consisting of pursuing his beliefs as an atheist and filing grievances. **See, Doc. 6, p. 4.** It is well-settled that atheism is the equivalent of a religion for the purposes of First Amendment analysis. **See, *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005)**. It is equally well-settled that prison inmates' right to file grievances is protected by the First Amendment. ***Hasan v. U.S. Department of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005).**

### Analysis

4

Defendants' motion for summary judgment sets forth a number of "undisputed material facts." For the first eight such facts, defendants cite to plaintiff's deposition, which is said to be attached as Exhibit 1. However, in fact, plaintiff's deposition was not attached to defendants' motion, and has not been filed with the Court.

There are a total of 51 exhibits attached to the motion. Exhibits 2 and 3 are, respectively, the affidavits of Dr. Powers and Nurse Hart. Exhibits 4 through 51 are plaintiff's medical records.

In their affidavits, both defendants summarize the entries in plaintiff's medical records. Dr. Powers states that plaintiff was given treatment "any time he had complaints of right knee pain." Ex. 2, ¶31. He further states that an orthopedic consult is not required and that, every time he examined plaintiff's knee, there was little to no swelling, it had good stability, and plaintiff was able to walk normally. Ex. 2, ¶¶ 32-33. Dr. Powers denies having any discussion regarding plaintiff's religion. Ex. 2, ¶35. Similarly, Nurse Hart summarizes the medical records in her affidavit, states that she believes that all treatment was proper, and denies that she based any of her medical decisions on plaintiff's religion. Ex. 3, ¶¶ 45-47.

 Plaintiff filed a response at **Doc. 54** in which he disputes the facts relied upon by defendants in two ways. First, disputes the accuracy of the medical records. His affidavit is incorporated into **Doc. 54.** In his affidavit, he alleges that, on numerous specific dates, he presented to Dr. Powers and/or Nurse Hurt with visible swelling in his right knee, but Dr. Powers and/or Nurse Hart "fraudulently" wrote in the medical records that there was no swelling. **See, e.g., Doc. 54, pp. 19-21** He further alleges that he complained to both defendants about stomach pain and vomiting caused by Motrin, but they did not document same

5

and never told him to take Motrin with food.  **See, e.g., Doc. 54, pp. 20-21.**  Plaintiff also alleges that, on August 8, 2007, he told Dr. Powers that he was an atheist, in front of Nurse Hart, and that Dr. Powers then stated that plaintiff would never see a specialist because he did not believe in God.  **Doc. 54, p. 23**.  On August 15, 2007, plaintiff asked about getting physical therapy, an Ace bandage and a low gallery permit, and Dr. Powers refused, stating that plaintiff was an atheist and did not deserve to get any of those things.  ***Ibid.***  On May 14, 2008, Nurse Hart refused to examine his knee and wrote a "fraudulent" note about his knee in his medical records; she told him to "Quit crying, atheist."  **Doc. 54, p. 24.**

Plaintiff's response includes affidavits from other inmates, many of which are of questionable relevance.  Also included is the affidavit of his mother, Dodie Hauschild.  Ms. Hauschild states that she has visited plaintiff regularly and has seen that his knee has been visibly swollen since February of 2007.  She specifically states that she observed that plaintiff's knee was swollen on August 11 and 12, 2007.  **Doc. 54, Ex. 3, p. 34.**  This statement tends to contradict the medical records and Dr. Powers' affidavit in that Dr. Powers states that, on August 8, 2007, he could find no objective cause for right knee pain and he was beginning to suspect that plaintiff was "exhibiting drug-seeking behavior."  **Doc. 48, Ex. 1, ¶¶19 -20.**

Defendants filed a reply and supplemental affidavits in which they dispute the factual allegations made by plaintiff in his response and affidavits.  **See, Doc. 58.**

Plaintiff has carried his burden of demonstrating that there are genuine disputes as to the material facts.  These disputes preclude summary judgment.  The Court notes defendants' argument that they would have rendered the same treatment regardless of plaintiff's religion, and that their treatment was appropriate.  However, defendants' opinions as to the appropriateness of

their treatment is posited on the accuracy of the medical records.  The Court cannot decide on summary judgment that the treatment rendered by defendants would have been adequate if plaintiff actually presented with the symptoms and complaints that he alleges.

For the foregoing reasons, the Motion for Summary Judgment filed by defendants Marvin Powers, M.D., and Grace Hart, R.N. **(Doc. 48)** is **DENIED**

.    **IT IS SO ORDERED.**

**DATE: February 15, 2011**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

7