IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH HAUSCHILD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. **09-015-CJP** |
| **MARVIN POWERS, M. D.,** | ) | |
| **TERRY CALIPER, and** | ) | |
| **GRACE HART,** | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is a Motion in Limine filed by defendants Powers and Hart. **(Doc. 96)**. Plaintiff filed a response at **Doc. 99.**

**1.    Treatment provided to other inmates**

Defendants first seek to exclude evidence of medical treatment provided by Dr. Powers to other inmates on the basis that such evidence would be irrelevant to Hauschild's claim for deliberate indifference to his serious medical needs. Plaintiff responds that he is also claiming that defendants discriminated against him and retaliated against him because he is an atheist. He argues that treatment provided to other inmates, who are not atheists, would be relevant to those claims.

At this point, the Court does not have enough information about the proposed testimony to decide this issue. The motion is denied as to this point, subject to renewal at trial.

**2.    Medical opinions**

Defendants correctly argue that plaintiff and his lay witnesses should be precluded from offering medical opinions, including the opinion that plaintiff should have been referred to an orthopedic specialist. Plaintiff responds that he and his witnesses should be permitted to testify

in accordance with their personal knowledge.

Under Fed. R. Evid 701, a lay witness may testify about his inferences or opinions only if those inference or opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 702 determines the admissibility of expert opinion testimony.

Plaintiff has not identified an expert witness other than the three defendants.

Plaintiff is correct in that he and his lay witnesses can testify about events which they perceived. Thus, a witness can testify as to pain that he experienced, or that he observed that Mr. Hauschild's knee was swollen. However, lay witnesses, including plaintiff, cannot express expert medical opinions which require scientific, technical or other specialized knowledge. In particular, plaintiff and his lay witnesses cannot testify as to their opinion about whether plaintiff should have been referred to an orthopedic specialist.

### 3. Insurance

Defendants are correct that evidence of their liability insurance is inadmissible for the purpose of showing that they acted negligently or wrongfully. Fed. R. Evid. 411.

### 4. Acts or omissions of others

Defendants are correct that they are not liable for the acts or omissions of anyone other than themselves. See, **Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)**. Thus, plaintiff is precluded from arguing or suggesting that any defendant is liable for the actions or omissions of another person. In particular, plaintiff may not argue or suggest any defendant is responsible for unanswered sick call requests unless he shows that individual had personal involvement in the failure to answer or process his request. See, e.g., **Johnson v. Snyder, 444 F.3d 579 (7th Cir. 2006).**

### 5. Evidence of other lawsuits

Defendants are correct in that evidence of other lawsuits filed against them is not relevant and is therefore inadmissible. Fed. R. Evid. 402.

**6.     Standard of care**

Defendants ask that plaintiff be prohibited from arguing that "the standard of care for those in a jail or prison setting is the same as it would be for those in a hospital or clinic." In support, they cite ***Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007)**, which does not address the issue raised by defendant. Because defendants' argument is less than clear on this point, the motion is denied.

Defendants also ask that plaintiff be precluded from arguing that the failure to meet his "personal demands for a specific course of care" is evidence of deliberate indifference. Defendants are correct, and the motion is granted as to this point. Negligence or even gross negligence does not constitute deliberate indifference. ***Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).** Further, a difference of opinion about the appropriate court of care does not rise to the level of a constitutional violation. "[T]he Constitution is not a medical code that mandates specific medical treatment." ***Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)**.

**7.     American Medical Association publications**

Defendants object to the use of plaintiff's Exhibit 11, which is "American Medical Association Standards/Publications." Defendants argue that such publications are hearsay, which they are, and that plaintiff will not be able to lay the foundation required by Fed .R. Evid. 803(18) because he does not have an expert witness.

The Court notes that plaintiff has identified defendants as expert witnesses. Further, defendants have identified a number of expert witnesses, and Rule 803(18) permits the use of learned treatises on cross examination of expert witnesses.

As it is possible that plaintiff may meet the requirements of Fed. R. Evid. 803(18), the Court will deny the motion at this time. The Court urges plaintiff to become familiar with Rule

803(18).

**8.     Undisclosed witnesses**

Defendants object to plaintiff's witnesses Ayala, Stewart, Shearrill and Garcia because they were allegedly not disclosed until plaintiff listed them in the final pretrial order.

Plaintiff has attached to his response a copy of his witness disclosures, which were mailed before the discovery deadline.  The motion is denied as to this point.

**Conclusion**

For the reasons stated above, the Motion in Limine filed by defendants Powers and Hart **(Doc. 96)** is **GRANTED in part and DENIED in part** as explained in this order.

**IT IS SO ORDERED.**

**DATE:  June 28, 2011.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**