IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH HAUSCHILD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. **09-015-CJP** |
| **MARVIN POWERS, M. D.,** | ) | |
| **TERRY CALIPER, and** | ) | |
| **GRACE HART,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Caliper's Motion in Limine. **(Doc. 97)**. Plaintiff filed a response at **Doc. 100.**

**1.   Medical opinions**

Defendant argues that plaintiff and his lay witnesses should be precluded from offering medical opinions, including opinions regarding the effect of a delay in treatment. Plaintiff responds that he and his witnesses should be permitted to testify in accordance with their personal knowledge.

Under Fed. R. Evid 701, a lay witness may testify about his inferences or opinions only if those inference or opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 702 determines the admissibility of expert opinion testimony.

Plaintiff has not identified an expert witness other than the three defendants.

1

Plaintiff is correct in that he and his lay witnesses can testify about events which they perceived. Thus, a witness can testify as to pain that he experienced, or that he observed that Mr. Hauschild's knee was swollen. However, lay witnesses, including plaintiff, cannot express expert medical opinions which require scientific, technical or other specialized knowledge. In particular, plaintiff and his lay witnesses cannot testify as to their opinion about whether a delay in treatment affected his condition.

**2.     Insurance**

Defendant asks that evidence that the State of Illinois will indemnify her and that she is represented by assistant attorneys general be excluded.

Evidence of a defendant's liability insurance is inadmissible for the purpose of showing that she acted negligently or wrongfully. Fed. R. Evid. 411. Indemnification by the State is the functional equivalent of liability insurance, and Rule 411 applies with equal force. Further, identifying defense counsel as an employee of the State would serve to alert the jury to the fact of indemnification. Therefore, the motion is granted as to these items.

**3.     Other lawsuits**

Defendant is correct in that evidence of other lawsuits filed against her is not relevant and is therefore inadmissible. Fed. R. Evid. 402.

**4.     Handwritten copies of medical request slips**

There may be an issue at trial as to whether plaintiff submitted medical request slips that were not responded to. Plaintiff evidently has handwritten copies of certain of his medical request slips. Defendant argues that these handwritten copies are not admissible under Rule 1001. She is correct.

Under Rule 1001, in order for a duplicate or copy of a document to be admissible, it must have been produced by a method such as mechanical or electronic copying. The notes to the Rule expressly state that copies which are "produced manually, whether handwritten or typed, are not within the definition." Therefore, the handwritten copies themselves are not admissible. This does not mean, however, that plaintiff is precluded from testifying that he submitted medical request slips.

## Conclusion

For the reasons stated above, defendant Caliper's Motion in Limine **(Doc. 97)** is **GRANTED in part and DENIED in part** as explained in this order.

**IT IS SO ORDERED.**

**DATE: June 28, 2011.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**