IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH HAUSCHILD,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil No. **09-015-CJP** |
| **MARVIN POWERS, M. D.,** **TERRY CALIPER, and** **GRACE HART,** | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is a Bill of Costs, filed by defendants Powers and Hart. **(Doc. 130)**. Plaintiff filed a response at **Doc. 133**, to which defendants replied at **Doc. 135.**

As prevailing parties, defendants Powers and Hart asks that they be awarded costs pursuant to 28 U.S.C. §1920 and Fed.R.Civ.P. 54(d)(1). Defendants originally asked for costs in a total amount of $1,294.11. Of that total, $1,115.36 was for items such as counsels' travel expenses, mileage and hotel bills. In his response, **Doc. 133**, plaintiff objected that travel expenses, mileage and hotel bills are not allowable under 28 U.S.C. §1920(2). Plaintiff is correct. See, *Wahl v. Carrier Manufacturing Co., Inc.*, **522 F.2d 209, 217 (7th Cir. 1975)**. In their reply, defendants concede as much. Thus, the only allowable items claimed by defendants are the costs of deposition transcripts and copies, which total $178.85.

Mr. Hauschild asks the Court not to award costs in favor of defendants because he is indigent. He points out that he is incarcerated at Tamms Correctional Center, which is a "supermax" institution, and that Tamms inmates are not permitted to have jobs. Therefore, he cannot earn any money. **(Doc. 133, p. 2).**

Fed.R.Civ.P. 54(d) provides that "costs - other than attorney's fees - should be allowed to

1

the prevailing party." In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party." ***Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000)**. However, the Seventh Circuit recognizes that the court may, in its discretion, deny costs where the losing party is indigent. ***Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir. 2006)**.

The first step in deciding whether to award costs against an indigent losing party is, not surprisingly, to determine whether the losing party is incapable of paying the costs now or in the future. The burden is on the losing party to give the court enough documentation to support such a finding. Secondly, the court must consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues. . . . No one factor is determinative." ***Rivera, supra*, at 635-636.**

In their reply, defendants argue that plaintiff's claim that he is indigent is not supported. However, plaintiff was granted leave to proceed in forma pauperis in this case. He filed an affidavit and a copy of his prison trust account statement along with his motion for leave to proceed in forma pauperis. **See, Doc. 3**. These documents reflect that his only income is a monthly state stipend of $10.00 and gifts of small amounts from his family. Although these documents are several years old, there is no reason to think that plaintiff's financial situation has changed. Defendants have not challenged plaintiff's assertion that the IDOC's rules do not permit Tamms inmates to earn income by working. The Court notes that the IDOC's website indicates that plaintiff's projected parole date is August 3, 2059. See, http://www.idoc.state.il.us/subsections/search/inms.asp, accessed on September 6, 2011.

The Court recognizes that the fact that plaintiff is a prison inmate does not, by itself, establish that he is indigent, since "there are inmates in both state and federal prison systems who have wealth." ***McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)**. However, the Court is satisfied that plaintiff has produced enough evidence to establish that he is indigent and that he has no realistic probability of being able to pay the costs in the future.

As to the second step in the ***Rivera*** analysis, the Court notes that the amount of the allowable costs is $178.85, and plaintiff's monthly income, not counting sporadic gifts, is only $10.00.  Further, plaintiff has to pay off the $350.00 filing fee in this case.  **See, Doc. 7**.  While the costs are not astronomical, they are a substantial sum when compared with plaintiff's meager income.   The Court is convinced that Mr. Hauschild was proceeding in good faith in this case.  Defendants point out that the jury deliberated for only a short time before returning its verdict, suggesting that the issues were not close.  While that is true, it is also true that Mr. Hauschild's case was strong enough to survive motions for summary judgment.

In sum, having balanced the relevant factors, the Court has determined that it is appropriate to exercise its discretion to deny the award of costs here.

For the foregoing reasons, defendants' Bill of Costs **(Doc. 130)** is **DENIED**.  The Clerk of Court shall NOT assess costs against plaintiff.

**IT IS SO ORDERED.**

DATE:  September 6, 2011.


                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**
                                                **UNITED STATES MAGISTRATE JUDGE**